SEYFARTH SHAW LLP
Alice M. Hodsden (SBN 340796)
ahodsden@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHNER GONZALES,<br><br>                    Plaintiff,<br><br>        v.<br><br>NELNET SERVICING, LLC; EQUIFAX INFORMATION SERVICES LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                    Defendants. | Case No. 2:23-cv-01963-DAD-CKD<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") by and through its attorneys hereby submits its Answer to Plaintiff's First Amended Complaint and Affirmative and Other Defenses, as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

305501582v.2

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## INTRODUCTION

**COMPLAINT ¶1:**

The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

**ANSWER:**

Equifax states that it is aware of its obligations under the FCRA. Equifax denies violating the FCRA whatsoever and denies any remaining allegations in Paragraph 1.

**COMPLAINT ¶2:**

The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**ANSWER:**

This paragraph does not contain any allegations against Equifax but to the extent that it does, Equifax denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

**ANSWER:**

This paragraph does not contain any allegations against Equifax but to the extent that it does, Equifax denies the allegations in Paragraph 2.

**COMPLAINT ¶4:**

RAHNER GONZALES ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NELNET SERVICING, LLC ("Nelnet"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and, TRANS UNION LLC with regard to multiple fraudulent accounts that were recklessly verified by Defendants on Plaintiff's credit reports.

**ANSWER:**

Equifax admits that Plaintiff brings this action under the FCRA but denies violating the FCRA whatsoever.

**COMPLAINT ¶5:**

Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

305501582v.2

**ANSWER:**

This paragraph does not contain any allegations against Equifax but to the extent that it does, Equifax denies the allegations in Paragraph 5.

**COMPLAINT ¶6:**

While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

**ANSWER:**

This paragraph does not contain any allegations against Equifax but to the extent that it does, Equifax denies the allegations in Paragraph 6.

**COMPLAINT ¶7:**

Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

**ANSWER:**

Equifax denies the allegations in Paragraph 7.

**COMPLAINT ¶8:**

Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**ANSWER:**

Equifax denies the allegations in Paragraph 8.

**COMPLAINT ¶9:**

Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**ANSWER:**

Equifax denies the allegations in Paragraph 9.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**JURISDICTION AND VENUE**

**COMPLAINT ¶10:**

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, 28 U.S.C. § 1367 for supplemental state claims.

**ANSWER:**

Equifax admits the allegations in Paragraph 10.

**COMPLAINT ¶11:**

This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA"); and, (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA")

**ANSWER:**

Equifax denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Because Defendants conduct business within the State of California, personal jurisdiction is established.

**ANSWER:**

Equifax denies the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**ANSWER:**

Equifax denies the allegations in Paragraph 13.

**PARTIES**

**COMPLAINT ¶14:**

Plaintiff is a natural person who resides in El Dorado County.

305501582v.2

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

**COMPLAINT ¶15:**

Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

**COMPLAINT ¶16:**

In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 168 la(c); and, Cal. Civ. Code § 1785.3(c).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

**COMPLAINT ¶17:**

Nelnet is a loan servicing company operating within the State of California.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

**COMPLAINT ¶18:**

Nelnet is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

6

305501582v.2

**COMPLAINT ¶19:**

Nelnet is loan servicing company located in the State of Nebraska.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

**COMPLAINT ¶20:**

Experian is a corporation located in the State of California.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

**COMPLAINT ¶21:**

Equifax is a corporation located in the State of Georgia.

**ANSWER:**

Equifax admits the allegations in Paragraph 21.

**COMPLAINT ¶22:**

Trans Union is a corporation located in the State of Pennsylvania.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

**COMPLAINT ¶23:**

Experian; Trans Union; and, Equifax are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

**ANSWER:**

Equifax admits the allegations in Paragraph 23.

305501582v.2

**COMPLAINT ¶24:**

The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household, and employment purposes.

**ANSWER:**

Equifax states that the cited authority speaks for itself and to the extent that Plaintiff misstates, misquotes, or takes out of context the cited authority, Equifax denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Nelnet is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶26:**

At all times relevant, Plaintiff is an individual residing within the State of California.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

**COMPLAINT ¶27:**

In November of 2022, at the age of 24 and after leaving graduate school, Plaintiff requested his credit report for the first time in an effort to begin his adult financial life.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**COMPLAINT ¶28:**

Unfortunately, to Plaintiff's shock and dismay, he discovered a significant and seemingly incomprehensible history of fraudulent entries on his credit reports.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

**COMPLAINT ¶29:**

In addition to fraudulent credit card accounts listed, Plaintiff discovered student loan entries totaling $64,789.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

**COMPLAINT ¶30:**

Plaintiff discovered that the student loan amounts had accumulated over many years beginning when he was just 14 years old.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

**COMPLAINT ¶31:**

On information and belief, Plaintiff's mother used Plaintiff's social security number, address, and other personal information to obtain the fraudulent student loans.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

**COMPLAINT ¶32:**

In addition, Plaintiff was actively misled as to the existence of these loans, being told as a minor that he had been awarded a full scholarship.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

**COMPLAINT ¶33:**

In an effort to repair the damage done to him, on July 19, 2023, Plaintiff submitted written disputes to Defendants via certified mail.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

**COMPLAINT ¶34:**

These written disputes included Plaintiff's social security card and other supporting documentation demonstrating Plaintiff's identity and the factual basis for Plaintiff's dispute.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

**COMPLAINT ¶35:**

Plaintiff's July 19, 2023 dispute also contained a narrative explaining why the continued credit reporting was inaccurate and causing Plaintiff damages.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

**COMPLAINT ¶36:**

The credit bureaus were then required to conduct their own reasonable reinvestigation into these accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

**ANSWER:**

Equifax denies the allegations in Paragraph 36.

305501582v.2

**COMPLAINT ¶37:**

Nelnet was also required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

**COMPLAINT ¶38:**

Nelnet failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

**COMPLAINT ¶39:**

Due to Nelnet's failure to reasonably investigate, Nelnet further failed to correct and update Plaintiffs information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

**COMPLAINT ¶40:**

By inaccurately reporting account information after notice and confirmation of its errors, Nelnet failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

305501582v.2

**COMPLAINT ¶41:**

Plaintiff received notification from Experian dated August 30, 2023 that Experian had verified these debts as a valid obligation owed by Plaintiff

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

**COMPLAINT ¶42:**

Both Equifax and Trans Union similarly notified Plaintiff via written communication dated August 31, 2023 that the fraudulent debts would remain on Plaintiffs credit file.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

**COMPLAINT ¶43:**

To date, Nelnet's inaccurate credit reporting remains on Plaintiffs credit files.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

**COMPLAINT ¶44:**

Nelnet submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

**ANSWER:**

Equifax denies the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Defendants did not provide notice to Plaintiff that Plaintiffs dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

**COMPLAINT ¶46:**

Defendants' investigations were unreasonable.

**ANSWER:**

Equifax denies the allegations in Paragraph 46.

**COMPLAINT ¶47:**

More specifically, Defendants should have discovered from their own records, including Plaintiffs formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff had never obtained or utilized the credit at issue herein.

**ANSWER:**

Equifax denies the allegations in Paragraph 47.

**COMPLAINT ¶48:**

By inaccurately reporting account information after notice and confirmation of its errors, Nelnet failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

**COMPLAINT ¶49:**

Through this conduct, Nelnet violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Nelnet knew or should know was inaccurate.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

305501582v.2

**COMPLAINT ¶50:**

The Credit Bureaus also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

**ANSWER:**

Equifax denies the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Plaintiffs continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with Experian were fruitless.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

**COMPLAINT ¶52:**

Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiffs credit report in light of Defendants' knowledge of the actual error was willful.

**ANSWER:**

Equifax denies the allegations in Paragraph 52.

**COMPLAINT ¶53:**

Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiffs credit report in light of Defendants' knowledge of the actual error was reckless.

**ANSWER:**

Equifax denies the allegations in Paragraph 53.

**COMPLAINT ¶54:**

Defendants' failure to correct the previously admitted inaccuracies on Plaintiffs credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

**ANSWER:**

Equifax denies the allegations in Paragraph 54.

14

305501582v.2

**COMPLAINT ¶55:**

Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiffs dispute.

**ANSWER:**

Equifax denies the allegations in Paragraph 55.

**COMPLAINT ¶56:**

Defendants' inaccurate and negative reporting damaged Plaintiffs creditworthiness.

**ANSWER:**

Equifax denies the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Throughout this ordeal, Plaintiffs anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large debt mischaracterizes Plaintiff as someone that financially overextends himself and harms Plaintiffs credit score.

**ANSWER:**

Equifax denies the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Plaintiff has been unable to obtain the credit benefits he should have earned because of these entries on his report.

**ANSWER:**

Equifax denies the allegations in Paragraph 58.

**COMPLAINT ¶59:**

While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

**ANSWER:**

Equifax denies the allegations in Paragraph 59.

305501582v.2

**COMPLAINT ¶60:**

Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large loan mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

**ANSWER:**

Equifax denies the allegations in Paragraph 60.

**COMPLAINT ¶61:**

Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

**ANSWER:**

Equifax denies the allegations in Paragraph 61.

**COMPLAINT ¶62:**

As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

**ANSWER:**

Equifax denies the allegations in Paragraph 62.

**COMPLAINT ¶63:**

Specifically, Plaintiff's efforts to begin his life as a truly independent adult have been frustrated and made impossible. For instance, his ability to finance a car or lease an apartment has been notably hampered by Defendants' actions.

**ANSWER:**

Equifax denies the allegations in Paragraph 63.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**COMPLAINT ¶64:**

Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

**ANSWER:**

Equifax denies the allegations in Paragraph 64.

**COMPLAINT ¶65:**

Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

**ANSWER:**

Equifax denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

**ANSWER:**

Equifax denies the allegations in Paragraph 66.

**COMPLAINT ¶67:**

Similarly, the credit bureaus also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

**ANSWER:**

Equifax denies the allegations in Paragraph 67.

**COMPLAINT ¶68:**

These documents should have caused the credit bureaus to remove the inaccurate information from Plaintiff's credit report.

**ANSWER:**

Equifax denies the allegations in Paragraph 68.

305501582v.2

**COMPLAINT ¶69:**

By intentionally reporting continuing obligations, the credit bureaus acted in conscious disregard for Plaintiff's rights.

**ANSWER:**

Equifax denies the allegations in Paragraph 69.

**COMPLAINT ¶70:**

To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

**ANSWER:**

Equifax denies the allegations in Paragraph 70.

**COMPLAINT ¶71:**

Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**ANSWER:**

Equifax denies the allegations in Paragraph 71.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681-1681X (FCRA)**

**[AGAINST ALL DEFENDANTS]**

**COMPLAINT ¶72:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the answers to the above paragraphs as its answer to Paragraph 72.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**COMPLAINT ¶73:**

The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

**ANSWER:**

Equifax denies the allegations in Paragraph 73.

**COMPLAINT ¶74:**

As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

**ANSWER:**

Equifax denies violating the FCRA whatsoever.

**COMPLAINT ¶75:**

As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 168 ln(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

**ANSWER:**

Equifax denies the allegations in Paragraph 75.

**COUNT II**

**VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT**

**CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)**

**[AGAINST NELNET]**

**COMPLAINT ¶76:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates its answers to the above paragraphs as its answer to Paragraph 76.

19

305501582v.2

**COMPLAINT ¶77:**

The foregoing acts and omissions constitute numerous and multiple violations of CITA.

**ANSWER:**

Equifax denies violating the California Identity Theft Aft.

**COMPLAINT ¶78:**

As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

**ANSWER:**

Equifax denies violating the California Identity Theft Act.

**COUNT III**

**VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[AGAINST NELNET]**

**COMPLAINT ¶79:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates its answers to the above paragraphs as its answer to Paragraph 79.

**COMPLAINT ¶80:**

The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

**ANSWER:**

Equifax denies violating the California Consumer Credit Reporting Agencies Act.

305501582v.2

**COMPLAINT ¶81:**

In the regular course of its business operations, Nelnet routinely furnishes information to credit reporting agencies pertaining to transactions between Nelnet and Nelnet's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

**COMPLAINT ¶82:**

Because Nelnet is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Nelnet is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

**COMPLAINT ¶83:**

Since Nelnet received all documents required to determine the inaccuracy of Nelnet's reporting, Nelnet should have known to update said reporting.

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

**COMPLAINT ¶84:**

Nelnet also should have determined that Nelnet's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**ANSWER:**

Equifax is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);

- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 168 ln(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;

22

305501582v.2

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- Punitive damages according to proof as to the FCRA; and CCCRAA; and,

- Any and all other relief the Court deems just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any damages or other relief against Equifax.

**TRIAL BY JURY**

**COMPLAINT ¶85:**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a trial by jury.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action;

(3)    it recover such other and additional relief as the Court deems just and appropriate.

23

305501582v.2

1   DATED: November 21, 2023                    Respectfully submitted,

2                                               SEYFARTH SHAW LLP

3

4                                               By: */s/ Alice M. Hodsden*

5                                                      Alice M. Hodsden
                                                      *Counsel for Defendant*
6                                               *Equifax Information Services LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

305501582v.2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2023, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Alice M. Hodsden*
Alice M. Hodsden
*Counsel for Defendant*
*Equifax Information Services LLC*

305501582v.2